

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
05/10/2013

| | |
|---|---|
| IN RE | ) |
| | ) |
| ALEXANDER B. WATHEN, | ) CASE NO. 12-35920-H3-13 |
| | ) |
| Debtor, | ) |
| | ) |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Reinstate Case" (Docket No. 32) filed by the Debtor in the above captioned Chapter 13 case. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Alexander B. Wathen ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on August 6, 2012. William E. Heitkamp ("Trustee") is the Chapter 13 Trustee.

On August 20, 2012, Debtor filed a Chapter 13 plan. The initial plan called for Debtor to make payments to the Trustee of $1,600 per month for nine months, followed by $2,150 per month for 51 months. (Docket No. 10).

On August 22, 2012, Debtor filed schedules and Form B22C, the "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income."  In Debtor's original Schedule I, Debtor indicated monthly income of $9,600 as a self-employed attorney.  In Debtor's original Schedule J, Debtor identified expenses totaling $8,000 per month.  These expenses included $300 per month for charitable contributions.  In Debtor's original Form B22C, Debtor identified zero income, and asserted that a commitment period of three years applied.  (Docket No. 11).

On September 24, 2012, the Trustee moved for dismissal of the instant case, on grounds Debtor had failed to submit a wage order or ACH authorization, make plan payments, provide to the Trustee proof of income and expenses, file tax returns for 2008 through 2011, and submit to an examination by Trustee's accountant.  The Trustee also alleged that Debtor's plan failed to provide for all secured and priority claims, and that Form B22C was inaccurate.  (Docket No. 19)

On December 13, 2012, the Trustee announced an agreement with Debtor that the case would be dismissed, unless Debtor became current with payments under the proposed plan within 10 days.  (Docket No. 27).

On January 11, 2013, the Trustee certified that Debtor had failed to comply with the announcement on December 13, 2012. (Docket No. 29).

On January 14, 2013, the court entered an order dismissing the instant Chapter 13 case. (Docket No. 30).

In the instant motion, Debtor seeks reinstatment of the instant case. Debtor asserted in the instant motion that he has gained employment, is current on payments, and will be able to make the future payments. (Docket No. 32)

The Trustee filed a response to the instant motion. In the response, the Trustee argues that Debtor has failed to implement an ACH authorization, has not filed tax returns for 2008-2011, and cannot meet the burden of proof that the plan meets the requirements of Section 1322(a)(2) of the Bankruptcy Code. (Docket No. 33).

At the hearing on the instant motion, counsel for Trustee conceded that Debtor is current on payments on the proposed plan, but argued that the plan is not confirmable.

At the hearing on the instant motion, Debtor testified that he has now filed all tax returns for 2008 through 2012. He testified that he began working as an attorney with the firm of Bailey & Galyen during January, 2013.[1]

---

[1] Debtor is an attorney who has represented several debtors in bankruptcy in this court.

Debtor has amended Schedules I and J, and Form B22C. In the amended Schedule I, Debtor asserts monthly net income for himself and his spouse totaling $6,678.20.[2] In the amended Schedule J, Debtor asserts monthly expenses of $5,078.20. The expenses include $750.66 per month in charitable contributions. (Docket No. 44).

Debtor's amended Form B22C indicates monthly income of $7,422.87, and asserts allowable expenses of $12,849.03. These expenses listed include charitable contributions of $660.00 per month.

In Debtor's amended plan, Debtor proposes to make payments to the Trustee of $1,600 per month for nine months, followed by $2,450 per month for 51 months.

Debtor testified that, during December, 2011, he was baptized into the Church of Jesus Christ of Latter-Day Saints. He testified that the church requires him to tithe ten percent of his gross income each year to the church. He testified that he began paying the tithe in 2012, and anticipates paying the tithe going forward.

Debtor testified that, on April 17, 2013 (eight days before the date of the hearing on the instant motion), Bailey and Galyen announced its intention to close its bankruptcy practice in Houston, Texas. Debtor testified that he anticipates that he

---

[2] Debtor was married during the pendency of the instant case.

will be able to work for Bailey & Galyen for two to six additional months, and that he will seek other employment or re-enter his own practice.

## Conclusions of Law

The Bankruptcy Code and Bankruptcy Rules do not directly address the reinstatement of cases after dismissal. Courts which have reinstated cases have done so pursuant to Rule 59 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9023, or pursuant to Rule 60 of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 9024. See, Matter of Garcia, 115 B.R. 169 (Bankr. N.D. Ind. 1990); In re Pearson, 70 B.R. 202 (Bankr. S.D. Fla. 1986).  The instant motion was timely filed for consideration under both Rule 59 and Rule 60.

Rule 59 provides in pertinent part that a new trial may be granted to all or any of the parties and on all or part of the issues in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in federal court.  Compass Technology, Inc. v. Tseng Laboratories, Inc., 71 F.3d 1125 (3rd Cir. 1995).

Rule 60 provides for relief from a judgment for the reasons of, inter alia, mistake, inadvertence, surprise, or excusable neglect, or any other reason justifying relief from the operation of the judgment.  Rules 60(b)(1); 60(b)(6).

In the instant case, Debtor has tendered funds to become current in the payments under his proposed plan, and his testimony indicates that he has filed tax returns.  The remaining issues raised by the Trustee are issues which should be considered in connection with the court's consideration of whether to confirm Debtor's plan.[3]  The court concludes that the instant case should be reinstated.

Based on the foregoing, a separate Judgment will be entered granting the "Motion to Reinstate Case" (Docket No. 32) filed by the Debtor in the above captioned Chapter 13 case.

Signed at Houston, Texas on May 10, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[3] The court notes that, when the court holds a hearing on confirmation, Debtor will have the burden of proof as to the issues surrounding both his recent tithing plans and feasibility. Debtor should anticipate that he will need to provide strong evidence as to these issues.  Fortunately, sufficient time should have passed by the date of a confirmation hearing that Debtor should be able to adduce documentary evidence as to his tithing, and that more clarity will have emerged regarding Debtor's employment status.